M'CARTY *vs.* MONTET.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

A receipt for a promissory note given by the endorsee to the endorser, stating that on payment of the note the endorsee is to retain a specified sum and to pay the balance to the endorser, does not change the obligation of the endorser, though it is evidence that on payment of the note the endorsee is liable to the endorser for that balance.

This action was instituted against the defendant as endorser of the following promissory note: "La Fayette, 9th January, 1831. In all the month of March, 1832, I promise to pay to order of Pierre Montet, the sum of one thousand dollars, if not paid when due, to bear ten per cent. per annum interest from that time until paid. Value received.

"Witness. Baptiste Mortola, Jean Langlin.

"(Signed) Alphonse Bouquet, Adelaide Le Blanc, security."

It was paraphed *ne varietur* by the judge, and endorsed "Pay Robert McCarty or order. Witness Joseph Baker.

"Pierre Paul Montet,

his ⋈ mark."

Payment of this note was demanded at the house of the drawer, Bouquet, of his wife in his absence, and payment thereof being refused, the note was protested and notice given to the drawer's wife, Adelaide Le Blanc, and to the endorser.

The defendant pleaded that he had been induced to endorse the note sued on through the fraud of the plaintiff; that it was agreed there should be no recourse against him in case he endorsed the paper. He claimed $400 of the sum due on the note as belonging to him, which he had appointed the plaintiff as his agent to collect, and which the plaintiff had neglected to collect of the drawer.

On the trial all the signatures to the note were admitted, and it appeared in evidence, that after the plaintiff's agent

had refused the defendant's endorsement without recourse, the defendant gave his absolute endorsement.

On the 15th of March, 1832, the drawer sued his creditors and filed his bilan. A meeting of his creditors took place, and the cession was accepted. The proceedings were afterwards homologated and the insolvent's person discharged from arrest.

The defendant produced plaintiff's receipt of the note, dated at St. Mary, 24th January, 1832, stating that plaintiff was to retain $600 of the $1000 to be collected, and give to the defendant or to the holder of the receipt the balance.

Judgment was rendered for the plaintiff for $600 with 10 per cent. interest from the date of the protest until payment.

The defendant appealed.

*Lewis*, for plaintiff and appellee.

MARTIN, J., delivered the opinion of the court.

This defendant sued as endorser, urged that he endorsed with an understanding between the plaintiff and himself, that an assignment of the note was all that was intended, without any liability in case of non-payment. And further that by a counter letter this was acknowledged, and the defendant and endorser retained a claim of $400 on the proceeds of the note, which was for $1000, the assignment being for the sole purpose of paying a sum of $600 to the plaintiff on the price of a slave purchased by him from the defendant.

The plaintiff had judgment for $600 with interest at 10 per cent. from the day of payment of the note, costs of protest, &c. The defendant appealed.

What is called a counter case is the receipt of the plaintiff for the note, which concludes with the following expressions, after the conclusion of the note. "Which, when collected, I am to keep out of said note the sum of $600, and to pay the balance over to said Montet or the holder of this receipt."

WESTERN DIS
September, 1833.

A close examination of the evidence has satisfied us that the district judge did not err in concluding that the defendant has entirely failed in establishing the understanding which he alleges to have existed between him and the plaintiff.

The receipt or counter letter does not appear to have been made with any other intention than that of preserving to the defendant a claim for $400 on the proceeds of the note after they came to the plaintiff's hands. The note was for $1000, and the transfer was made to serve the payment of $600 to the plaintiff. This changed nothing as to the nature of the contract of endorsement which transferred the defendant's whole right to the note to the plaintiff, with the ordinary legal obligation in the endorsee and endorser. The receipt or counter letter is however evidence of the parties' intention, that for $400 or two-fifths of the proceeds of the note, when collected, the plaintiff was to account to, or be the trustee of his endorser.

Interest after the day of payment, as the accessary of the debt partook of its nature. For two fifths of it, the plaintiff was the defendant's trustee. Of the other three he was the absolute owner under the endorsement.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*A receipt for a promissory note, given by the endorsee to the endorser, stating that on payment of the note the endorser is to retain a specified sum and to pay the balance to the endorser, does not change the obligation of the endorser, though it is evidence that on payment of the note the endorsee is liable to the endorser for that balance.*